secting streets in front of a car which was approaching at a high rate of speed, *held* that ordinary prudence should have warned the deceased that death or injury was almost certain to result to him under such circumstances, and that he was guilty of negligence which proximately contributed to his death and precluded recovery against the owner of such street car.

2. CORONERS, § 2*—*what is power of jury*. A coroner's jury has no power to fix civil liability.

3. EVIDENCE, § 232*—*when part of coroner's verdict is inadmissible*. As a coroner's jury has no power to fix civil liability, that part of a verdict admitted in evidence which stated that they found the accident causing the death of the deceased could have been avoided had the motorman of the car which struck and killed the deceased exercised greater care, *held* properly excluded, in an action to recover damages for such death.

---

## Arthur Wagner Company, Defendant in Error, v. Gallaher & Speck, Plaintiff in Error.

### Gen. No. 22,587.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed February 19, 1917.

### Statement of the Case.

Action by Arthur Wagner Company, a corporation, plaintiff, against Gallaher & Speck, a corporation, defendant, to recover for the loss by defendant of a Bullock generator and switchboard for same belonging to the plaintiff and left in storage with the defendant for a stated period at an agreed compensation. From a judgment for plaintiff for six hundred dollars, defendant brings error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Arthur Wagner Co. v. Gallaher & Speck, 204 Ill. App. 206.

The contract under which the articles were taken by the defendant provided that they were not to be removed without the written permission of the plaintiff. They were removed with the defendant's consent without a written or verbal permission of the plaintiff, and were lost.

KERR & KERR, for plaintiff in error.

PINES & NEWMANN, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. CORPORATIONS, § 325*—*when contract is incidental to powers of a corporation.* A contract of bailment is incidental to the powers of a corporation bailee.

2. CORPORATIONS, § 475*—*when defense of ultra vires acts is not available.* The defense of *ultra vires* acts of a corporation is not available in an action of tort against it.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim is insufficient.* A statement of claim against a bailee for loss of the goods bailed which stated the fair reasonable market value of the goods was not less than a certain amount, *held* to be a sufficient statement of value to support a pleading if evidence of the value were in the record, but insufficient in the absence of evidence.

4. MUNICIPAL COURT OF CHICAGO, § 13*—*what is effect of failure to deny averments of statement of claim.* An undenied averment in a statement of claim of the value of property bailed stands as an admitted fact, under Rule 19 of the Municipal Court, in an action to recover from the bailee for the loss of the goods.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.